IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HELEN RIDDELL,

    Plaintiff,

v.                                        Civil Action No. 5:08CV95
                                                                 (STAMP)

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE,**
**DENYING MOTION FOR SUMMARY JUDGMENT BY PLAINTIFF**
**AND GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANT**

I.   Background

The plaintiff seeks review of the decision by the Social Security Commissioner to deny her application for Disability Insurance Benefits. Currently pending before this Court and ripe for review are the parties' cross-motions for summary judgment and the report of the magistrate judge recommending that the plaintiff's motion for summary judgment be denied and that the defendant's motion for summary judgment be granted. This Court believes that a reiteration of the facts and procedural history in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts and procedural history provided in Section II of the magistrate judge's report and recommendation.

This Court notes that in the report and recommendation, the

magistrate judge informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety, that the defendant's motion for summary judgment should be granted, and that the plaintiff's motion for summary judgment should be denied.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed in this case, the findings of the magistrate judge will be reviewed for clear error.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

## III. Discussion

### A. Background

To make a disability determination, an Administrative Law Judge ("ALJ") must undertake a five-step sequential analysis, which is set forth at 20 C.F.R. §§ 404.1520, 416.920. An ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can perform her past work; and, if she cannot perform her past work, (5) can perform other work in the national economy. An ALJ's findings must be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is

that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). It is the duty of the ALJ, not of the courts, to make findings of fact and to resolve conflicts in the evidence. The Court's scope of review is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied, not to substitute the Court's judgment for that of the Secretary. Hays, 907 F.2d at 1456.

B. The Plaintiff's Claims

The plaintiff contends that the record in its entirety does not provide substantial support for the ALJ's decision. Specifically, the plaintiff asserts that the ALJ erred by (1) failing to properly consider and evaluate the opinion of certified nurse practitioner Melody Pairo; (2) failing to properly consider Listing 1.04A; (3) failing to adequately evaluate the plaintiff's residual functional capacity ("RFC"); failing to give any weight to the records of the plaintiff's chiropractic treatment; and (5) making incorrect pain and credibility assessments.

B. *Whether the Administrative Law Judge Erred in Her Consideration and Evaluation of the Opinion of Certified Nurse Practitioner Melody Pairo*

The plaintiff contends that the ALJ erred by finding that Ms. Pairo is not an acceptable medical source, and by failing to consider the treatment relationship between the plaintiff and Ms. Pairo, the consistency of Ms. Pairo's assessments with the record as a whole, or how well Ms. Pairo explained her opinion in accordance with Social Security Ruling 06-03p.

The opinion of a treating physician[1] on issues of the nature and severity of an individual's impairment is entitled to controlling weight when, among other things, the treating source's medical opinion is well-supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the claimant's case record. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion should be accorded significantly less weight if it is not supported by clinical evidence or if it is found to be inconsistent with other substantial evidence. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

---

[1]In this case, this Court agrees with the magistrate judge's conclusion that, although Ms. Pairo is not physician, she acted as an agent of the physicians in the plaintiff's medical treatment. Accordingly, her opinions may be viewed as an acceptable medical source. See *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996) (holding that the opinion of a nurse practitioner may be viewed as an acceptable medical source where the record clearly established that "she was acting as an agent" of the doctor).

5

However, opinions on ultimate issues, such as RFC and disability status under the regulations, are reserved exclusively to the Commissioner. 20 C.F.R. §§ 404.1527(e)(1)-(3), 416.927(e)(1) "If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record." Social Security Ruling (SSR) 96-5p at *3.

This Court also agrees with the magistrate judge's conclusion that the ALJ properly evaluated all of the evidence in the record, made findings of fact and resolved conflicts in the evidence. The ALJ's decision to consider the opinions of physicians Moore, Travis, and Zamani more favorably than the opinion of Ms. Pairo is supported by substantial evidence in the record. Accordingly, the ALJ did not err in her consideration of Ms. Pairo's medical opinion.

C. <u>Whether the Administrative Law Judge Erred in Determining the Plaintiff's Spine Disorder Does Not Meet or Equal Listing 1.04A</u>

The plaintiff contends that the ALJ erred at step three of the sequential analysis in determining that the plaintiff's herniated disc does not meet or equal Listing 1.04A by finding that there was no evidence to show nerve root compression, arachnoiditis, or pseudoclaudication when the record did, in fact, contain evidence of nerve root compression. As support, the plaintiff points to the

opinion of Dr. Zant. As noted above, the court's task in reviewing a decision by the ALJ is to determine whether the ALJ's factual findings are supported by substantial evidence and whether the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The magistrate judge found that the ALJ properly evaluated all of the medical evidence on the record, including the opinion of Dr. Zant, and weighed the conflicting evidence therein. Accordingly, the magistrate judge concluded that substantial evidence supports the ALJ's finding that the plaintiff's spinal disorder does not meet Listing 1.04A. The magistrate judge's conclusion is not clearly erroneous.

D. Whether the ALJ Adequately Evaluated the Plaintiff's Residual Functional Capacity ("RFC")

The plaintiff contends that the ALJ erred in finding that the plaintiff retained the residual functional capacity to perform light work because the ALJ gave too much weight to the opinion of the non-treating, non-examining state agency medical consultant. As noted above, it is the duty of the ALJ to resolve conflicts in the evidence, and the duty of the Courts to determine whether the findings are supported by substantial evidence. Hays, 907 F.2d at 1456. The magistrate judge found that the evidence in the record and the evidence outlined by the ALJ in her decision provided substantial support for the ALJ's determination that the plaintiff

retains the capacity to perform light exertional work. This Court finds no clear error in the magistrate judge's conclusion.

E. <u>Whether the ALJ Accorded Proper Weight to the Records of the Plaintiff's Chiropractic Treatment</u>

The plaintiff argues that the ALJ erred by disregarding the plaintiff's treatment records from chiropractor Louis V. Oechsli. The magistrate judge found that although a chiropractor is an acceptable non-medical source to show the severity of an individual's impairments and how such impairments affect the individual's ability to do work, the ALJ properly concluded that the records of chiropractic treatment were inconclusive and provided no opinion of the plaintiff's functionality or evidence indicating the severity of the plaintiff's impairments. This Court finds no clear error in the magistrate judge's findings or his conclusion that the ALJ gave proper weight to the chiropractor's opinion.

F. <u>Whether the ALJ Made Proper Pain and Credibility Assessments</u>

The plaintiff contends that in making her pain assessment, the ALJ failed to adequately evaluate the side effects of the plaintiff's medications. In evaluating a plaintiff's subjective complaints of pain, an ALJ must expressly consider whether the plaintiff has the impairment alleged and must consider all of the evidence, including the plaintiff's own description of symptoms. See <u>Craig v. Chater</u>, 76 F.3d 585, 594-96 (4th Cir. 1996). However,

an ALJ may disregard a plaintiff's description of symptoms if such description does not comport with the objective medical evidence or if the underlying objective medical impairment could not reasonably be expected to cause the symptoms alleged. Id. at 595. An ALJ's credibility determination is subject to reversal only if the plaintiff demonstrates that it was "'patently wrong.'" Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000) (quoting Herr v. Sullivan 912 F.2d 178, 181 (7th Cir. 1990)).

Here, the magistrate judge found that the ALJ expressed her concerns about the plaintiff's credibility and noted that the objective medical evidence did not support the plaintiff's allegation and testimony as to the severity of her impairments. The magistrate judge further found that the ALJ properly relied upon, among other evidence, the plaintiff's physical therapy records, daily life activities, medical reports from the plaintiff's neurosurgeon, orthopedic consultative physician in concluding that the plaintiff was not fully credible. The magistrate judge concluded that the ALJ complied with the analysis required by Craig and that the plaintiff failed to demonstrate that the ALJ's credibility determination was patently wrong. Therefore, the ALJ conducted a proper analysis of the plaintiff's credibility and her subjective description of her symptoms. The magistrate judge's findings and conclusions are not clearly erroneous.

In light of the foregoing, this Court finds that substantial evidence supports the ALJ's findings and that the ALJ's determinations involved a correct application of law. Therefore, the defendant's motion for summary judgment must be granted, the plaintiff's motion for summary judgment must be denied, and the plaintiff's complaint must be dismissed with prejudice.

IV. Conclusion

Because this Court finds that the magistrate judge's recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Because the defendant has failed to object, she has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    July 30, 2009

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE